IN THE CRIMINAL COURT OF SHELBY COUNTY, TENNESSEE
30TH JUDICIAL DISTRICT AT MEMPHIS
DIVISION VIII

EARLEY STORY,           )
          PETITIONER,   )
                        )
VS                      )          P-27176
                        )
STATE OF TENNESSEE,     )
          RESPONDENT    )          WILLIAM A. 6-1-04
                        )          BY _____ MP _____ D.C.

## ORDER DENYING PETITION FOR POST-CONVICTION RELIEF

This cause came on to be heard on the Petition for Post-conviction Relief filed by petitioner, Response of the State of Tennessee, an evidentiary hearing held November 7, 2003 and January 2, 2004, and the record as a whole,

FROM ALL OF WHICH THE COURT FINDS as follows:

### PROCEDURAL HISTORY

Due in large part to petitioner's having had six attorneys either retained or appointed to represent him, and his electing to represent himself in this petition with a resultant unfamiliarity of normal court procedure, a history of this litigation and the issues petitioner has raised must first be set out for a proper understanding of this Court's rulings. Petitioner, who was employed as a Deputy Jailer for the Shelby County Sheriff's Department, was arrested on a warrant for selling marijuana to an undercover officer, and posted a $10,000 bond. His initial charge was dismissed in General Sessions Court when the state failed to produce the confidential informant or others present at the alleged drug buy, but he was subsequently indicted on August 7, 1997, for three separate undercover buys charging him with three drug offenses in three separate indictments, each containing three counts of Sale of Marijuana, Possession with Intent to Sell and Possession with Intent to Deliver, numbered 97-08557, 97-08558 and 97-08560. The dates of the offenses were alleged as January 9, 1997, January 15, 1997, and January 22, 1997, respectively. He retained attorney Stephen Leffler to represent him, who was the first in a succession of attorneys with whom he developed serious disagreements, whom he either fired or who asked to be

IT IS SO ORDERED this 1ˢᵗ day of June, 2004.

CHRIS CRAFT
Criminal Court, Division VIII
30th Judicial District at Memphis

21

IN THE CRIMINAL COURT OF SHELBY COUNTY, TENNESSEE
30TH JUDICIAL DISTRICT AT MEMPHIS
DIVISION VIII

| | | |
|---|---|---|
| EARLEY STORY | ) | |
| | ) | |
| VS. | ) | 97-08560 |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| RESPONDENT | ) | |

ORDER GRANTING STATE"S MOTION TO DISMISS "PETITION FOR A WRIT OF
ERROR CORAM NOBIS AND REQUEST FOR AN EXPEDITED HEARING"

This cause came on to be heard June 21, 2019, on the above-styled *pro se* petition filed by the petitioner, statements of the State of Tennessee and the petitioner, acting *pro se*, and the record as a whole,

FROM ALL OF WHICH THE COURT FINDS as follows:

The petitioner, who was employed as a Deputy for the Shelby County Sheriff's Department, was arrested on a warrant in 1997 for selling marijuana to an undercover officer, and posted a $10,000 bond. His initial charge was dismissed in General Sessions Court when the state failed to produce the confidential informant or others present at the alleged drug buy, but he was subsequently indicted on August 7, 1997, by a Shelby County Grand Jury for three separate undercover sales charging him with three drug offenses in three separate indictments, each containing three counts of Sale of Marijuana, Possession with Intent to Sell and Possession with Intent to Deliver, numbered 97-08557, 97-08558 and 97-08560. The dates of the offenses were alleged as January 9, 1997, January 15, 1997, and January 22, 1997, respectively. He was represented successively by six different attorneys, with whom he would develop disagreements, but eventually he proceeded to trial. The petitioner did not want his three indictments tried separately, requesting that they be consolidated for trial, and so trial commenced December 6, 1999, on all three indictments. On December 9th, the jury acquitted the petitioner of the offenses alleged to have been committed on January 9 and January 15, but found the appellant guilty of the sale of marijuana on January 22, 1997 (Indictment # 97-08560). He was eventually

to dismiss is granted, and the above-styled petition is hereby dismissed.

     ENTERED this 19th day of July, 2019.

 

                                        _____

                                        CHRIS CRAFT, Judge
                                        Criminal Court, Div. VIII
                                        30th Judicial District at Memphis

## IN THE CRIMINAL COURT OF SHELBY COUNTY

STATE OF TENNESSEE

Case No. _____

VS.

_Earley Story_

DEFENDANT

### UNIFORM AFFIDAVIT OF INDIGENCY

Comes the defendant and, subject to the penalty of perjury, makes oath to the following facts (please list, circle, complete, etc.)

### PART I

1. Full Name: _Earley Story_   2. Social Security No. _____ 637_

3. Any other names ever used: _None_   4. Address: _4700 Gill Rd._

5. Telephone Nos.(Home) _789-5384_ (Work)_____ (Other)_____

6. Are you working anywhere? Yes (✓) No ( ) Where?_____

7. How much do you make? _7.25 hr_ (weekly, monthly, etc.)  8. Birthdate: _10/14/04_

9. Do you receive any governmental assistance or pensions (disability, SSI, AFDC, etc.)?
   Yes ( )  No (✓) What is its value? _____ (weekly, monthly, etc.)

10. Do you own any property: (house, car, bank acct., etc.) Yes ( ) No ( ) What is its Value? _60,000_

11. Are you, or your family, going to be able to post your bond? Yes (✓) No ( )

12. Are you, or your family, going to hire a private attorney? Yes ( ) No (✓) _(If it's the Lord's will)_

13. Are you now in custody? Yes ( ) No (✓) If so, how long have you been in custody?_____

   (if the defendant is in custody, unable to make bond and the answers to questions one (1) through eleven (11) make it clear that the defendant has no resources to hire a private attorney, skip Part II and complete Part III. If Part II is to be completed, do not list items already listed in Part I.)

### PART II

14. Names & Ages of all defendants: _Malando Story  18yr_ relationship _Son_
   _____ relationship _____
   _____ relationship _____

15. I have met with the following lawyer(s), have attempted to hire said lawyer(s) to represent me, and have been unable to do so:
   Name: _Jeff Rosenblum, John Herbison, Kathlene Caldwell_
   Address:_____

16. All my income from all sources (including, but not limited to wages, interest, gifts, AFDC, SSI, social security, retirement, disability, pension, unemployment, alimony, worker's compensation, etc.):

| $ | per | from |
|---|---|---|
| 13,04 | hr | Mary Story |
| | | |
| | | |

CC7-87(a)

17. All money available to me from any source: A. Cash _____

B. Checking, Savings, or CD Account(s) – give bank acct. no., balance_____

C. Debts owed me. ~~How to prepaid, car prepaid,~~ _____ None _____

D. Credit Card(s)-give acct. no., balance, credit limit, and type (Visa, Mastercard, American
Express, etc.)  None _____

E. Other _____

18. All vehicles/vessels owned by me, solely or jointly, with the last six months (including but not limited to
cars, trucks, motorcycles, farm equip., boats, etc.)  CAR _____
_____ value $_____ amt. owed 9,000 _____
_____ value $_____ amt. owed _____
_____ value $_____ amt. owed _____

19. All real estate owned by me, solely or jointly, within the last six months (including land, lots, houses,
mobile homes, etc.) house  value $ 60,000  amt. owed 60,000
_____ value $_____ amt. owed _____

20. All assets or property not already listed owned within the last six months or expected in the future:
_____ value $_____ amt. owed _____
_____ value $_____ amt. owed _____

21. The last income tax return I filed was for the year 2003 and it reflected a net income or $ 0
I will file a copy of same within one week if required.

22. I am out of jail on bond of $ 0  made by_____. The money to make
bond, $_____ was paid by _____

**PART III**

23. Acknowledging that I am still under oath, I certify that I have listed in Parts I and II all assets in which I
hold or expect to hold any legal or equitable interest.

24. I am financially unable to obtain the assistance of a lawyer and request the Court to appoint a lawyer for
me.

25. I understand that **it is a Class A Misdemeanor** for which I can be sentenced to jail for up to 11 months 29
days or be fined up to $2,500.00 or both **if I intentionally or knowingly misrepresent, falsify, or withhold
any information required in this affidavit.** I also understand that I may be required by the Court to product
other information in support of my request for an attorney.

This _1_ day of ___June___, 20 04 . _____
                                                              Defendant

Sworn to and Subscribed before me this _1st_ day of ___June___, 20 04 .

_____                    _____
Clerk                                                      Judge, Division __8__

                          2(3)                                                         CC7-87(b)



# THE TENNESSEE
# COURT OF THE JUDICIARY

October 13th, 2011

TIMOTHY R. DISCENZA
Disciplinary Counsel

P.O. BOX 50356
NASHVILLE, TN 37205
Phone (615) 649-6851
E-Mail: trdiscenza@att.net

PATRICK J. McHALE
Assistant Disciplinary Counsel

P.O. BOX 50356
NASHVILLE, TN 37205
Phone (615) 925-2888
E-Mail: patrickjmchale@gmail.com

**PERSONAL/CONFIDENTIAL**

Earley Story
4700 Gill Road
Memphis, Tennessee 38109

RE: Complaint against Judge Craft
     File No. 11-4478

Dear Mr. Story

        This will acknowledge receipt of your complaint filed against Judge Craft.
This office has carefully reviewed the allegations set forth in your complaint.

        After careful consideration of your complaint, I have determined that it does not rise to
the level that would justify further action. In order for us to proceed, the statute requires
allegations of specific facts which would cause a reasonable person to believe that there is a
substantial probability that the judge has committed judicial misconduct. *See* Tenn. Code Ann. §
17-5-304(a).

        The Court of the Judiciary's jurisdiction is strictly limited. The Court is not an appeals
court and does not have the authority to change any ruling the judge may have made. I only
investigate allegations of judicial misconduct as provided by law

        Accordingly, your complaint is dismissed and our file is closed. Please be advised that you
have the right to appeal this summary dismissal to an investigative panel of the Court of the
Judiciary. If you wish to do so, please forward to me a notice of your intent to appeal this decision
and I will present it to the panel.

                                Sincerely yours,

                                Timothy R. Discenza
                                Disciplinary Counsel



# THE TENNESSEE
# BOARD OF JUDICIAL CONDUCT

511 Union Street
Suite 600
Nashville, TN 37219

MEMBERS OF THE TENNESSEE
BOARD OF JUDICIAL CONDUCT

Dee David Gay
**Board Chair**

Timothy R. Discenza
Disciplinary Counsel

Shane Hutton
Assistant Disciplinary Counsel

Kenny Armstrong
H. Allen Bray
Andrew G. Brigham
Robert Carter, Jr
Paul B. Conley, III
Brooke Emery
Dwight "D.J." Farris
Tammy Harrington
Austin L. McMullen
Edward (Ward) Phillips
Benjamin Purser, Jr
Jeff D. Rader
John Whitworth
Robert W. Wilkinson

James M. Havner, Clerk
100 Supreme Court Building
401 Seventh Avenue, North
Nashville, TN 37219-1407
615-253-1470

March 5, 2019

PERSONAL/CONFIDENTIAL
Mary Story
4700 Gill Road
Memphis, Tennessee 38109

Re: Complaint against Judge Craft
File No.

Dear Ms. Story:

This will acknowledge receipt of the complaint you filed concerning the above-captioned judge. Please know that the allegations set forth in your complaint were carefully reviewed and submitted to an investigative panel of this Board. After this careful consideration, the investigative panel has determined that the complaint does not rise to the level that would justify further action. In order for us to proceed, the statute requires that there must be specific facts shown that establish probable cause that the judge's conduct constituted a violation of Tenn. Code Ann. § 17-5-302. *See* Tenn. Code Ann. § 17-5-304(b).

Our jurisdiction is strictly limited. We are not an appeals court and do not have the authority to change any ruling a judge may have made. We are only allowed to investigate allegations of judicial ethics violations listed in Tenn. Code Ann. § 17-5-302.

In deciding whether or not the Board can successfully sanction a judge, the investigative panel must also consider that in order to discipline a judge, the proof of the ethics violation must be "clear and convincing." Tenn. Code Ann. § 17-5-308. The investigative panel did not feel such a burden could be met in this case.

dissatisfaction with a decision or series of decisions made by a judge. The appellate courts, not the Board, generally handle legal questions. Even if you think a judge has made a wrong ruling, that is not a breach of ethics or a violation of the Code of Judicial Conduct that would ordinarily be handled by this Board.

Accordingly, your complaint has been dismissed, and our file has been closed. Nevertheless, the Board of Judicial Conduct thanks you for your interest in preserving the integrity of our judicial system.

Sincerely,

Dee David Gay
Board Chair

**PAULA SKAHAN**
JUDGE OF DIVISION I

**GLENN WRIGHT**
JUDGE OF DIVISION II

**J. ROBERT CARTER, JR.**
JUDGE OF DIVISION III

**CAROLYN WADE BLACKETT**
JUDGE OF DIVISION IV

**JAMES M. LAMMEY, JR.**
JUDGE OF DIVISION V



**JOHN WHEELER CAMPBELL**
JUDGE OF DIVISION VI

**LEE V. COFFEE**
JUDGE OF DIVISION VII

**CHRIS CRAFT**
JUDGE OF DIVISION VIII

**W. MARK WARD**
JUDGE OF DIVISION IX

**JENNIFER JOHNSON MITCHELL**
JUDGE OF DIVISION X

**THE CRIMINAL COURT OF TENNESSEE**
**THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**
**201 POPLAR**
**MEMPHIS, TENNESSEE  38103**
**(901) 222-3287**
**FAX (901) 222-3226**

7/19/18

Mr. Earley Story
4700 Gill Road
Memphis, TN 38109

Re:  The order denying your petition

Dear Mr. Story:

Please find enclosed a file-stamped copy of the order I entered this date, 7/19/19, denying your coram nobis petition.  As stated in my email to you on 7/16/19, responding to your email to me, you will have only 30 days from 7/19/19 to file a notice of appeal, if you wish to appeal the order.  You have a right to have an attorney represent you should you appeal, and if you wish an indigency hearing I will be glad to give you one.  As you are aware from the issues in your appeal of your trial, if you are found to be indigent I will be glad to appoint an attorney for you if you wish one, and cannot afford one.

Sincerely,

CHRIS CRAFT
Judge, Division VIII
Criminal Court, Shelby County, Tennessee
30th Judicial District at Memphis

 Gmail

Earley Story <earleystory@gmail.com>

---

## "Transcript of Evidence Request"

3 messages

---

**Craft, Christopher** <Christopher.Craft@shelbycountytn.gov>

Tue, Aug 13, 2019 at 2:02 PM

To: Earley Story <earleystory@gmail.com>

Mr. Storey: As you apparently are still representing yourself, I am sending this email to you (as you have emailed me in the past) to inform you of an error you may be committing in the way you are attempting to perfect your appeal. I cannot give you legal advice, but also would hate for your appeal to be dismissed due to a procedural error on your part.

The Clerk this morning informed me that you filed a "Transcript of Evidence Request" yesterday, asking that a transcript of the 6/21/19 court proceeding in your case "be furnished to the Tennessee Court of Criminal Appeals, audio and written, with the transcript of evidence." It is impossible for the Clerk to do this, as they do not have any of these things. The audio recording itself is not a public record, by law, and is not kept by the Clerk. Also, no transcript exists of the hearing that day. If you wish a transcript prepared, you would need to get a court order first, ordering the Court Reporter to prepare the transcript from her records that the Court Reporter keeps. Then, unless you can prove you are indigent, you will have to pay the Court Reporter in advance for her to prepare a transcript. To get an estimate of the cost, you may send a request to:

Court Reporter

Room 7-16

201 Poplar Avenue

Memphis, TN   38103

Once the reporter is paid, she will begin preparation of the transcript and deliver it to you when it is finished. You will then have to take it to the 4th floor and file it with the Shelby County Criminal Court Clerk, not the Court of Appeals. Once the Shelby County Criminal Court Clerk has completed preparation of the trial record containing the transcript and you have signed a notice that you have approved it, they will then send the trial record to the District Attorney for approval, and then to the trial court for approval. Once I have approve the trial record, the Clerk will then send it to the Court of Criminal Appeals Clerk in Jackson to docket your appeal. The rules for how to do all of this are contained in the Tennessee Rules of Appellate Procedure. I would strongly advise you to get an attorney to do this for you. 90% of the parties who are representing themselves on appeal from trial court rulings, in my experience, have had their appeals dismissed for failure to file briefs timely or properly or fail to properly perfect the trial record for appeal. There are time limits for all of these steps to be completed in the Rules. There also was a post-it note on your filing with forms attached stating "to be filled out by the court." I have no idea what that means. Other than performing the steps I described above, I have no jurisdiction over your case anymore because of the Notice of Appeal you filed, and cannot help you fill anything out for your appeal. If there is anything further that you wish me to do for you legally, you would have to file a motion for me to do so in court and we would have to have a hearing on it as to whether I would have jurisdiction.

I will cause a copy of this email to be filed in your court file tomorrow, and am also emailing a copy of it to the District Attorney's office.



**Western Division**

Appellate Court Clerk's Office - Jackson
Supreme Court Building
6 Hwy 45 Bypass
Jackson, TN 38301
(731) 423-5840
Tax ID#: 62-6001445

**RECEIPT # 4398**
RECEIPT DATE:
AUGUST 7, 2019

**RECEIPT**

PAID BY:  Earley Story
4700 Gill Road
Memphis, TN 38109

Clerk: BRR
Receipted: $550.00

| PAYMENT METHOD(S) | VOID | CHECK/MO NO. | AMOUNT |
|---|---|---|---|
| Check | | 4772 | $550.00 |

| DESCRIPTION | CASE NUMBER | QTY | UNIT PRICE | ITEM TOTAL |
|---|---|---|---|---|
| Filing Fee Invoice #170320 | W2019-01406-CCA-R3-ECN | | | $550.00 |

| | TOTAL | $550.00 |
|---|---|---|

| INVOICE | BALANCE DUE |
|---|---|
| #170320 | $0.00 |

**W2019-01406-CCA-R3-ECN**

3

FILED

AUG 0 7 2019

Clerk of the Courts
Rec'd By _____

## NOTICE OF APPEAL

**Style**   Earley Story   /  Appellant
_____

v. Shelby County DAG/ Appellee
_____

**Notice**

Notice is given that **Earley Story**
_____
[List name(s) of all appealing party(ies) on separate
sheet if necessary]

appeals the final judgment(s) of the **Criminal**   Court of **Shelby**
[List the circuit, criminal,                    [List the County]
chancery or juvenile court]

County filed on **7-19-2019** to the **Court of Criminal Appeals**
[List the date(s) the        [Name the Court of Appeals (civil), Court of
final judgment(s)            Criminal Appeals (criminal), or Supreme Court
was filed in the             (Workers' Compensation)]
trial court clerk's
office]

**Additional Information**

**Type of Case** [Check the most appropriate item]

| | | | |
|---|---|---|---|
| ☐ Civil | | ☑ Habeas Corpus | |
| ☐ Criminal | | ☐ Juvenile | |
| ☑ Post Conviction | | ☐ Dependent and Neglect | |
| ☐ Workers's Compensation | | ☐ Other (Specify: Writ of error coram ) | |
| ☐ Death Penalty | | | |
| ☐ Parental Termination | | | |

**Trial Court Number**   97-08560
_____

**Trial Court Judge**   Judge John P. Colton/ judge Chris Craft/ post
_____

**Civil Appeal Cost Bond** [Check the most appropriate item]

☐ Filed in trial court with copy attached
☒ Indigent with copy of indigency order or affidavit attached **Filed on 8-12-2019**
☐ Cash bond filed in trial court with copy attached

9

THIS FORM MUST BE RETURNED TO THE APPELLATE COURT CLERK'S
OFFICE WITHIN 15 DAYS

Docketing Statement
For
Criminal Appeals

PLEASE PROVIDE ALL OF THE FOLLOWING INFORMATION

Style of Case: *State of Tennessee vs Earley Story*

Name of Appellant: *Earley Story*

Appellate Court Docket Number: *2019-01406-CCA-R3-ECN*

County and Trial Court Docket Number: *97-08360*

Trial Judge: *Judge John P. Colton Jr.*
*Post Conviction Judge Chris Craft*

Nature of Case (Original Appeal, Post-Conviction, Habeas Corpus, Probation Revocation, etc.): *Writ of Error Coram Nobis*

Offense(s) and Sentence(s) (Name of Offense and T.C.A. Section No.) *TCA 39-17-417*
*See attached Probation Form*

Date of Offense: *1-22-1997*

Date of Final Judgment (or Final Order in P.C., Habeas Corpus, etc., Case): *7-19-2019*

Date of Denial of Motion for New Trial (or Other Applicable Post-Trial Motion): 

Date of Notice of Appeal: *August 7, 2019*   *CUPCS with intent to sell marijuana*

Date Transcript Ordered or Notice that no Transcript will be Filed: 

Birthdate of the Appellant *10-14-1953*

Is the Appellant Indigent? *Yes*
    If yes, provide proof.   *see attached info*
Is the Appellant Free on Bond?: *free attached " "*
    If yes, provide copy of bond.
Appellant's Address: *4700 Gill Memphis Tn. 33109*
    If incarcerated, give TDOC# and facility name: *N/A*
Name of Counsel: *Michael Gatlin # 015444  901-734-3418*
Address and Telephone Number: *2600 Poplar Ave. Ste 401 Memp.TN 38103*
Appointed or Retained?: *Appointed July 1999*

*Applying For Cours (Indigent)*

*Earley Story*                    *8-12-2019*

Signature of Counsel              Date
or Pro Se Appellant

Revised: 2-11-09

4

 Gmail

Earley Story <earleystory@gmail.com>

---

## "Transcript of Evidence Request"

3 messages

---

**Craft, Christopher** <Christopher.Craft@shelbycountytn.gov>

To: Earley Story <earleystory@gmail.com>

Tue, Aug 13, 2019 at 2:02 PM

Mr. Storey: As you apparently are still representing yourself, I am sending this email to you (as you have emailed me in the past) to inform you of an error you may be committing in the way you are attempting to perfect your appeal. I cannot give you legal advice, but also would hate for your appeal to be dismissed due to a procedural error on your part.

The Clerk this morning informed me that you filed a "Transcript of Evidence Request" yesterday, asking that a transcript of the 6/21/19 court proceeding in your case "be furnished to the Tennessee Court of Criminal Appeals, audio and written, with the transcript of evidence." It is impossible for the Clerk to do this, as they do not have any of these things. The audio recording itself is not a public record, by law, and is not kept by the Clerk. Also, no transcript exists of the hearing that day. If you wish a transcript prepared, you would need to get a court order first, ordering the Court Reporter to prepare the transcript from her records that the Court Reporter keeps. Then, unless you can prove you are indigent, you will have to pay the Court Reporter in advance for her to prepare a transcript. To get an estimate of the cost, you may send a request to:

Court Reporter

Room 7-16

201 Poplar Avenue

Memphis, TN   38103

Once the reporter is paid, she will begin preparation of the transcript and deliver it to you when it is finished. You will then have to take it to the 4th floor and file it with the Shelby County Criminal Court Clerk, not the Court of Appeals. Once the Shelby County Criminal Court Clerk has completed preparation of the trial record containing the transcript and you have signed a notice that you have approved it, they will then send the trial record to the District Attorney for approval, and then to the trial court for approval. Once I have approve the trial record, the Clerk will then send it to the Court of Criminal Appeals Clerk in Jackson to docket your appeal. The rules for how to do all of this are contained in the Tennessee Rules of Appellate Procedure. I would strongly advise you to get an attorney to do this for you. 90% of the parties who are representing themselves on appeal from trial court rulings, in my experience, have had their appeals dismissed for failure to file briefs timely or properly or fail to properly perfect the trial record for appeal. There are time limits for all of these steps to be completed in the Rules. There also was a post-it note on your filing with forms attached stating "to be filled out by the court." I have no idea what that means. Other than performing the steps I described above, I have no jurisdiction over your case anymore because of the Notice of Appeal you filed, and cannot help you fill anything out for your appeal. If there is anything further that you wish me to do for you legally, you would have to file a motion for me to do so in court and we would have to have a hearing on it as to whether I would have jurisdiction.

I will cause a copy of this email to be filed in your court file tomorrow, and am also emailing a copy of it to the District Attorney's office.

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## EARLEY STORY v. STATE OF TENNESSEE

### Shelby County Criminal Court
### 97-08560

### No. W2019-01406-CCA-R3-ECN

**Date Printed:  11/25/2019**                    **Notice / Filed Date: 11/25/2019**

---

### NOTICE - Appellate Record - Original Filed

---

The Appellate Court Clerk's Office filed the appellate record. The record contains:

1 Technical Record

Briefs must comply with Rules 27, 28 and 29 of the Tennessee Rules of Appellate Procedure.

Brief copy requirements:
Court of Criminal Appeals (original + 3 copies)
Court of Appeals (original + 4 copies)
Supreme Court Workers' Comp. (original + 3 copies)
Supreme Court (original + 5 copies)

BRIEF COLORS:
Appellant briefs - BLUE covers.
Appellee briefs - RED covers.
Reply briefs - GRAY covers.

James M. Hivner
Clerk of the Appellate Courts

SUPREME COURT FORM NO. 2
(Revised 1991)

**CLAIM FOR ATTORNEY FEE**

INSTRUCTIONS: (See Supreme Court Rule 13). If this form is not completed correctly it will be returned to you. Attach order of appointment. Type and submit in duplicate. Deliver copies to clerk of court signed by attorney and judge. Clerk shall retain one copy for files and forward original to Executive Secretary, 1400 Nashville City Center, Nashville, Tennessee 37243-0607.

State of Tennessee
County of ___SHELBY___

Docket No. __97-08557, 58, 60__

__EARLY STORY_____ in the __DIVISION 3 CRIMINAL____ court
Name of Indigent Defendant *(Please type or print.)*

1. _X_ Felony     ___ Post Conviction     __UPCS w/i MSD__
   ___ Misdemeanor     ___ Probation Revocation     Original Offense
   ___ Petition for Early Release     ___ Termination of Parental
   ___ Guardian Ad Litem     ___ Rights / Dependent Neglect     __39-17-417__
       ___ Juvenile     In Violation of TCA Section
       ___ Contempt

2. Disposition of case:
   ___ Plea of Guilty     ___ Nolle Prosequi
   _X_ Plea of Not Guilty and Trial by Jury     ___ Plea of Not Guilty and Trial by Judge
   ___ Other: *(Explain)*

3. Sentence or Penalty, if any, the Defendant Received __2 ACQUITTALS  1 CONVICTION__

4. Date of Disposition __12-8-99__ Date of Last Activity in relation to the case __2-20-00__

| Date | ACTIVITY (See S C Rule 13)<br>Legal services rendered. Attach order of appointment stating reason therefor.<br>Itemize out-of-pocket expense.<br>Itemize other approved expense and attach certified copy of court's prior approval to this claim. | (A)<br>In Court<br>Hours In<br>Tenths | (B)<br>Out of<br>Court Hours<br>In Tenths | (C)<br>Itemize<br>Expense<br>See S/C<br>Rule 13 |
|---|---|---|---|---|
| | SEE ATTACHED | | | |
| | | | | |
| | | **EXHIBIT G**<br>**SUPREME COURT**<br>**CLAIM FOR FEE**<br>**GATLIN** | | |
| | | | | |
| | | | | |
| | | | | |

ATTACH ADDITIONAL SHEETS IF NEEDED

TOTALS

I certify that the foregoing represents an accurate and complete statement of time and expense in connection with the above action or proceeding and these services were rendered pursuant to appointment under TCA 40-14-201 et. seq. or TCA 37-1-150 (e) (f)

*[signature]*
Original Signature of Attorney

____6878____
Social Security Number (not Firm I.D.)

PLEASE PRINT FULL NAME AND ADDRESS OF ATTORNEY

__MICHAEL JAMES GATLIN__   015444

P.O. BOX 27331

__MEMPHIS_____ TN __38167__
Telephone # __901-388-6247__

ATTORNEY NOTE: If you are sued as a result of this court-appointment, please contact the office of the Executive Secretary.

**TO BE COMPLETED BY JUDGE**

$ AMOUNTS

(A) _____ Total Approved In Court Hours @ $50.00 per Hour...............

(B) _____ Total Approved Out of Court Hours @ $40.00 per Hour..........

Hours Only
SUB-TOTAL

(C) _____ Total All Approved Expenses (telephone, copying, mileage @ $ .22 per mile).

(D) _____ Expert Witness Fee Per TCA 40-14-207(b) ......................

(E) _____ SUBTRACT Amount Reimbursed Per TCA 40-14-202 (e), (g) .....

GRAND TOTAL PAYMENT AUTHORIZED

I hereby certify that I appointed the above named attorney to represent the herein listed indigent in compliance with TCA 40-14-201 et. seq. or TCA 37-1-150 (e) (f).
This the _____ day of __Mar__ 2000

*[signature]*
Original Signature of Judge *(Not Stamped)*

A PROVED

JUDGE PLEASE NOTE: FILL OUT REVERSE SIDE IF ORIGINAL OFFENSE IS MURDER

| Date | Description | | Hours |
|---|---|---|---|
| December 2, 1999 | Meeting with Co-Counsel and Counsel for Co-Defendant (out of court) | | 2.50 hour |
| December 5, 1999 | Meeting with Co-Counsel | (out of court) | 3.00 hour |
| December 6, 1999 | Report to Court | (in court) | 0.25 hour |
| December 6, 1999 | Meeting with State | (out of court) | 2.00 hour |
| December 6, 1999 | Jury Selection | (in court) | 4.00 hour |
| December 6, 1999 | Meeting Co-Counsel | (out of court) | 2.00 hour |
| December 7, 1999 | Preparation and Filing of Subpoena | (out of court) | 1.00 hour |
| December 7, 1999 | Meeting with State (out of court) | | 0.50 hour |
| December 7, 1999 | Trial  (in court) | | 6.25 hour |
| December 7, 1999 | Trial  (out of court) | | 1.25 hour |
| December 8, 1999 | Trial  (in court) | | 3.25 hour |
| December 8, 1999 | Trial  (out of court) | | 5.50 hour |
| January 5, 2000 | Meeting with Defendant  (out of court) | | 1.00 hour |
| January 7, 2000 | Motion for Copies of Transcripts | (out of court) | 1.00 hour |
| January 7, 2000 | Order for Copies of Transcripts  (out of court) | | 0.25 hour |
| January 7, 2000 | Getting copies of Transcripts | (out of court) | 1.00 hour |
| January 17, 2000 | Letter to Defendant | (out of court) | 1.00 hour |
| January 18, 2000 | Motion for Copies of Tapes | (out of court) | 1.50 hour |
| January 18, 2000 | Order for Copies of Tapes | (out of court) | 0.50 hour |
| January 19, 2000 | Getting copies of Tapes  (out of court) | | 2.00 hour |
| February 3, 2000 | Motion for Judgment of Acquittal | (out of court) | 4.00 hour |
| February 20, 2000 | Copy File for new Attorney | (out of court) | 6.00 hour |

| | | |
|---|---|---|
| In court 22.75 hours @ $50.00 p/h | $1,137.50 | |
| Out of court 140 hours @ $40.00 p/h | $5,600.00 | |
| **TOTAL** | $6,737.50 | |

REBECCA GARDNER COFFEE
915 TWINKLETOWN RD
MEMPHIS, TN  38116
(901) 398-5058

| September 21, 1999 | Appointment | (in court) | 0.25 hour |
| September 21, 1999 | Order of Appointment | (out of court) | 0.50 hour |
| November 5, 1999 | Report to Court | (in court) | 0.50 hour |
| November 8, 1999 | Hearing | (in court) | 1.00 hour |
| November 26, 1999 | Trial Preparation | (out of court) | 6.00 hour |
| November 27, 1999 | Trial Preparation | (out of court) | 6.00 hour |
| November 28, 1999 | Trial Preparation | (out of court) | 6.00 hour |
| December 1, 1999 | Meeting with Counsel for Co-Defendant | (out of court) | 1.00 hour |
| December 2, 1999 | Meeting with Co-Counsel and Counsel for Co-Defendant | (out of court) | 2.50 hour |
| December 2, 1999 | Trial Preparation | (out of court) | 6.00 hour |
| December 5, 1999 | Meeting with Co-Counsel | (out of court) | 3.00 hour |
| December 6, 1999 | Report to Court | (in court) | 0.25 hour |
| December 6, 1999 | Meeting with State | (out of court) | 2.00 hour |
| December 6, 1999 | Jury Selection | (in court) | 4.00 hour |
| December 6, 1999 | Meeting Co-Counsel | (out of court) | 2.00 hour |
| December 7, 1999 | Meeting with State | (out of court) | 0.50 hour |
| December 7, 1999 | Trial | (in court) | 6.25 hour |
| December 7, 1999 | Trial | (out of court) | 1.25 hour |
| December 8, 1999 | Trial | (in court) | 3.25 hour |
| December 8, 1999 | Trial | (out of court) | 5.50 hour |
| February 3, 2000 | Motion for Judgment of Acquittal | (out of court) | 4.00 hour |
| February 19, 2000 | Sort File for new Attorney | (out of court) | 6.00 hour |

In court 15.50 hours @ $50.00 p/h    $  775.00

Out of court 52.25 hours @ $40.00 p/h   $2,090.00

**TOTAL**                              $2,865.00

Sincerely,

Rebecca G. Coffee

# Tennessee Court of the Judiciary
# Members 2011-2012

## Presiding Judge

**Judge Chris Craft**
Criminal Court
30th Judicial District
Shelby County Justice Complex
201 Poplar Avenue, Suite 519
Memphis, TN  38103
**Phone:**    (901) 222-2309
**Fax:**         1) 222-3221
**E-mail:**    Christopher.craft@shelbycountytn.gov
**Term:**      07/01/11 - 06/30/15 (1)
      **Appointed by:**  Supreme Court
*(Trial judge - West*

## Members of the Court

**Judge Don R. Ash**
Circuit Court
16th Judicial District, Part III
20 Public Square North, Room 409
Murfreesboro, TN 37130
**Phone:**    (615) 898-8074
**Fax**         (615) 898-8013
**E-mail:**    dash@rutherfordcounty.org
**Term:**      07/01/11 - 06/30/15 (2)*
**Appointed by:**  Supreme Court
*(Trial judge – Middle)*

**Judge Jeffrey S. Bivins**
Tennessee Court of Criminal Appeals
Supreme Court Bldg.

3

# Disciplinary Counsel 2011-2012

**Timothy R. Discenza**
Disciplinary Counsel
P.O. Box 50356
Nashville, TN  37205
**Phone:**   (615) 649-8851
**E-mail:**   trdiscenza@att.net

**Patrick J. McHale**
Assistant Disciplinary Counsel
P.O. Box 50356
Nashville, TN  37205
**Phone:**   (615) 925-2888
**E-mail:**   patrickjmchale@gmail.com

DOC 20

● THE MEMPHIS FLYER ■ http://www.memphisflyer.com ■ JULY 22  28, 1999

SHERIFF'S DEPARTMENT

# Man Pleads Innocent, Demands Jail Time

A FORMER DEPUTY JAILER, FRUS-trated at the slow process of the judicial sys-tem, asked a criminal court judge on Mon-day to give him "protest time" in jail until his drug charges can be heard by a jury of his peers.

Forty-five-year-old Earley Story was ar-rested in January 1997 on allegations that he sold marijuana to an undercover detective working for the Shelby County Sheriff's De-partment. Story was promptly fired from the Shelby County Jail.

When he appeared before Criminal Court Judge John Colton on Monday, Story re-mained standing after everyone else in the courtroom was instructed to be seated. Story then walked up to the judge and handed him a three-page, handwritten letter.

"I can't seem to get a fair trial to prove my innocence," Story writes. "If I can't have my trial this date, 7-19-99, I want to be locked up until I get some justice."

", Colton says he didn't read Story's note, and

called the ex-jailer's behavior out of control.

"He came in and started yelling and screaming," says the judge, "and we have a courtroom for carrying on business, so we can't allow that."

Colton obliged the defendant — sort of. He put an uncuffed Story in the detaining area behind the courtroom for an hour. Then he released him and gave him a new trial date.

Story insists on his innocence, citing, among other things, General Sessions Judge Ann Pugh's April 1997 decision to throw out his case for lack of evidence. After the general sessions hearing, however, the District Attorney's office came back with a criminal indictment against the ex-jailer.

Believing that his first two defense attor-neys weren't working hard enough for him, Story has recently had a public defender ap-pointed for him.

"It's a case of him against the world," says Colton, summing up Story's attitude. ■

— PHIL CAMPBELL