```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

| | |
|---|---|
| **EARLEY STORY,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 97-2469-TLP-tmp |
| | ) |
| **SHELBY COUNTY, et al.,** | ) |
| | ) |
|     Defendants. | ) |

_____

                    **REPORT AND RECOMMENDATION**
_____

Before the court by order of reference is Shelby County's motion to dismiss for failure to prosecute. (ECF Nos. 70 & 72.) For the reasons below, it is recommended that the motion be granted.

## I.   PROPOSED FINDINGS OF FACT

In May 1997, Early Story filed a lawsuit against Shelby County, the Shelby County's Sheriff's Department, A.C. Gilless (the Sheriff at the time), and D.W. Wright (the Deputy Chief of the Sheriff's Department at the time). (ECF No. 1.) The lawsuit alleges that Shelby County violated Story's rights in various ways when it fired him after he was arrested for selling illegal drugs. (ECF Nos. 1 & 11.) On December 6, 1999, Story was convicted of selling drugs by a Tennessee state court. (ECF No. 35.) After this, Story sought a continuance of further

proceedings in this civil case, noting he planned to appeal his criminal conviction. (Id.) Story asked that the continuance last "until complete disposition of the criminal matter[.]" (Id.) The court administratively closed the case. (ECF No. 37.) The order administratively closing the case noted that either party could seek to reopen the case by simply filing a motion. (Id.) Back in state court, Story was sentenced to a suspended sentence of one year in jail subject to probation. (ECF No. 70.) In 2003, he appealed to both the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court but the conviction was affirmed. (Id.)

In 2010 — seven years after Story's direct appeal of his criminal conviction ended — Story filed a *pro se* motion to reopen this case. (ECF No. 39.) The motion was denied. (ECF No. 40.) The court explained that Story had been represented by counsel previously in this case, and that while Story could proceed *pro se*, his counsel would first need to withdraw. (Id.) The court's order made clear that if Story's counsel withdrew, Story could seek to have this case reopened. (Id.) Close to a decade later, in 2019, Story filed *pro se* motions for relief under Federal Rules of Civil Procedure 59(b) and 60(b)(2)-(3). (ECF Nos. 46 & 47.) The court denied those motions, explaining once again that Story's counsel would need to withdraw before Story could appear *pro se*. (ECF No. 51.) Story's counsel moved to withdraw, which the court permitted. (ECF No. 53.) Story then

2

filed several motions and an amended complaint. (ECF Nos. 54; 55; 69.) Shelby County moved to dismiss for failure to prosecute. (ECF No. 70.) In support of its motion, Shelby County presents a sworn declaration by a records custodian in Shelby County's human resources department stating that the County no longer maintains employment records from 1997. (ECF No. 70-1.) Story opposes the motion. (ECF No. 71.)

## II. PROPOSED CONCLUSIONS OF LAW

An action may be dismissed if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotations omitted). The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (citing Knoll, 176 F.3d at 363).

3

Three of these factors weigh strongly in favor of dismissal. "[A] plaintiff's delay in prosecuting a claim evinces willfulness, bad faith, or fault if it displays a reckless disregard for the effect of the plaintiff's conduct on the district court proceedings." Bay Corrugated Container, Inc. v. Gould, Inc., 609 F. App'x 832, 835 (6th Cir. 2015) (internal citations and quotations omitted). In Bay, the Sixth Circuit held that a nine-year period in which the district court heard nothing from the plaintiff demonstrated reckless disregard for the effect of the plaintiff's conduct on the district court proceedings. Id. Here, there have been no proceedings of substance in this case for approximately twenty years — a delay that is entirely attributable to Story. Moving to the second factor, in a case involving delay for more than a decade, "[t]he sheer passage of time is inherently prejudicial[.]" Hood v. Smith's Transfer Corp., 188 F.3d 507 (6th Cir. 1999). Furthermore, because Shelby County (reasonably) does not maintain employment records from 1997, Shelby County's ability to defend this action has been prejudiced by Story's delay. The fourth factor, the availability of an alternative sanction, weighs in favor of dismissal, too. Neither party has identified an alternative to dismissal for failure to prosecute that would adequately cure the prejudice Shelby County has suffered from delay. See Bay, 609 F. App'x at 836.

The only factor that weighs against dismissal is notice. There is no evidence in the record that shows Story was warned that failure to prosecute this action would result in dismissal. This factor weighs against dismissal. However, no single factor is dispositive of whether dismissal for failure to prosecute is appropriate. Knoll, 176 F.3d at 363. Furthermore, the importance of the notice requirement is diminished in this case because no reasonable person — even acting without the benefit of counsel — could possibly believe he or she could allow a case to languish for two decades and then resume proceedings as if nothing had happened. Additionally, overemphasis on the notice factor would act as a perverse penalty against Shelby County, which would suffer significant prejudice if this matter continues. Because the other three factors weigh overwhelmingly in favor of dismissal, the undersigned recommends that the motion be granted.

### III.   RECOMMENDATION

For the reasons above, the undersigned recommends that the complaint be dismissed for failure to prosecute.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 31, 2020
Date

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**