## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| EARLEY STORY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 2:97-cv-02469-TLP-tmp |
| v. | ) | |
| | ) | |
| A.C. GILLESS, SHELBY COUNTY | ) | |
| GOVERNMENT, SHELBY COUNTY | ) | |
| SHERIFF'S DEPARTMENT, and D.W. | ) | |
| WRIGHT, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## FOR MOTION TO DISMISS FOR FAILURE TO PROSECUTE

This case presents a unique procedural history.  In 1997, Plaintiff Earley Story sued Shelby County for allegedly violating his due process rights when the County fired him after the state charged him with selling illegal drugs.  (ECF No. 1.)  Story sought a continuance of this civil action here until the end of his criminal case, because the result of his criminal case here could affect his employment case here.  (ECF No. 35.)  The district judge granted the continuance and administratively closed this case in 2000.  (ECF No. 37.)  Story's criminal case and appeals concluded in 2003.  Seven years later, in 2010, Plaintiff tried to re-open this civil action.  (ECF Nos. 38 & 39.)  The judge denied that request because Plaintiff tried to proceed pro se but he had counsel.  (ECF No. 40.)  After almost another decade passed, Plaintiff tried to re-open this case yet again in 2019.  (ECF No. 46.)  In turn, Defendant moved to dismiss for failure to prosecute citing Plaintiff's long delay.  (ECF No. 70.)

The Magistrate Court entered a Report and Recommendation ("R&R") recommending that this Court grant Defendant's Motion to Dismiss for Failure to Prosecute.  (ECF No. 74.) Plaintiff objected to the Magistrate Court's R&R.  (ECF No. 75.)  And Defendant replied.  (ECF No. 76.)

For the reasons below, the Court **ADOPTS** the R&R in full.  The Court thus **GRANTS** Defendant's Motion to Dismiss for Failure to Prosecute.

<u>**THE REPORT AND RECOMMENDATION**</u>

The Magistrate Court first thoroughly outlined the procedural history of this case.  (ECF No. 74 at PageID 363–64.)  The Magistrate Court then explained that a district court may dismiss a case for failure to prosecute under Fed. R. Civ. P. 41(b).  (*Id.*)  But the Court should analyze four factors when considering dismissal: (1) whether the party's failure is because of willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the dismissed party's conduct; (3) whether the court imposed less drastic sanctions or considered them before ordering dismissal; and (4) whether the court warned the dismissed party that failure to cooperate could lead to dismissal.  (*Id.*) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

For the reasons below, the Magistrate Court determined that three of these four factors weighed "strongly in favor of dismissal."  (*Id.* at PageID 366.)  This Court will now review the Magistrate Court's analysis of those factors.

I.     **Failure Because of Willfulness, Bad Faith, or Fault**

The first factor is whether the party's failure is because of willfulness, bad faith, or fault, and the Magistrate Court explained that this factor weighs in favor of dismissal.  (*Id.*)  The Magistrate Court reasoned, "[h]ere there have been no proceedings of substance in this case for approximately twenty years—a delay that is entirely attributable to Story."  (*Id.*); *see Bay*

2

*Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (holding that

Plaintiff showed reckless disregard when the court heard nothing from him for nine years).

## II.    Prejudice to Defendant

Second, the Magistrate Court considered whether Plaintiff's delay prejudiced the

defendant, and this too weighed in favor of dismissal.  (ECF No. 74 at PageID 366*.*)  The

Magistrate Court cited a Sixth Circuit case involving a ten-year delay which stated, "sheer

passage of time is inherently prejudicial."  (*Id.*) (quoting *Hood v. Smith's Transfer Corp.*, 188

F.3d 507 (6th Cir. 1999)).   What is more, Shelby County submitted documentation explaining

that they no longer keep employment records from 1997, which prejudices their ability to defend

this action.  (*Id.*)

## III.    Availability of Less Drastic Sanctions

The third factor the Magistrate Court weighed was whether there are less drastic sanctions

available.  (*Id.*)  The Court explained that neither party identified an alternative to dismissal that

would "adequately cure the prejudice Shelby County has suffered from delay."  (*Id.*)  The

Magistrate Court explained that this too weighed in favor of dismissal.  (*Id.*) (citing *Bay*, 609 F.

App'x at 836).

## IV.    Notice

Fourth, the Magistrate Court considered whether the Court gave Plaintiff notice that his

failure to cooperate or prosecute would lead to dismissal.  (*Id.* at PageID 367.)  This was the only

factor that weighed against dismissal.  (*Id.*)  The Court determined that the record did not reflect

that the Court gave Plaintiff notice that his failure to prosecute would lead to dismissal.  (*Id.*)  On

the other hand, the Magistrate Court reasoned that no single factor is determinative.  (*Id.*)

Moreover, no reasonable person "could possibly believe he or she could allow a case to languish

for two decades and then resume proceedings as if nothing had happened." (*Id.*)  And

overemphasizing this notice factor would significantly prejudice Defendant.  (*Id.*)

   In the end, the Magistrate Court recommended this Court grant Defendant's Motion to

Dismiss for Failure to Prosecute because the factors weighed "overwhelmingly in favor of

dismissal." (*Id.*)  Plaintiff objected.  (ECF No. 75.)  This Court will now consider that objection.

## DISPOSITION

   "A party may serve and file objections to the order within 14 days after being served with

a copy."  Fed. R. Civ. P. 72(a).  What is more, "[t]he district judge must determine de novo any

part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P.

72(b)(3).  Plaintiff timely responded to the Magistrate Judge's R&R.  (ECF No. 75.)  But his

arguments are unconvincing.

   First, this motion is about whether this Court should dismiss Plaintiff's claims because of

his long delay in re-opening this case.  (*See* ECF No. 70.)  And yet Plaintiff does not give any

reason or explanation for his delay.  In fact, in his response, Plaintiff focuses instead on his prior

criminal proceeding.  (*See id.*)  He presents no meaningful argument to rebut the Magistrate

Court's recommendation for dismissal.

   Instead, Plaintiff continues to request relief about his Tennessee criminal case instead of

this civil case for employment discrimination and retaliation.  (*Id.* at PageID 372–73.)  As this

Court explained in a prior Order, this civil case is not a route for Plaintiff "to appeal his

conviction or to address what he believes to be a miscarriage of justice by the state courts."[1]

---

[1] Plaintiff is fixated on what he describes as a miscarriage of justice in his criminal case.  The
problem is that, by raising these issues here in an employment case, he is barking up the wrong
tree.  Unfortunately, courts are not always in a position to right every wrong our litigants
perceive.  This is one of those instances.

(ECF No. 78 at PageID 385.)  And so, by merely repeating his criminal case history, Plaintiff

fails to convince this Court that the Magistrate Court erred in recommending dismissal for failure

to prosecute.

What is more, the Court agrees with Magistrate Court's assessment of the dismissal

factors.  Plaintiff allowed his claims to languish for roughly two decades, and then he fails to

explain why or justify doing so.  At this point, this excessive delay greatly prejudices the

Defendant's ability to defend this case, especially since employment records from 1997 are no

longer even accessible.  This Court therefore agrees with the Magistrate Court's conclusion—the

factors weigh in favor of dismissal for failure to prosecute.

For these reasons, the Court **ADOPTS** the R&R in its entirety and **GRANTS**

Defendant's Motion to Dismiss for Failure to Prosecute.

**SO ORDERED**, this 17th day of September, 2020.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

5